■    In the Matter of THE CHASE MANHATTAN BANK (NATIONAL ASSOCIATION) et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants, and ENVIRONMENTAL DEFENSE FUND, INC., Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated May 5, 1977, and made after a hearing, which denied petitioners' application for a moratorium permit under the Freshwater Wetlands Act, the commissioner and department appeal (by permission) from so much of an order of the Supreme

Court, Richmond County, entered April 13, 1978, as denied the branches of their motion which sought (1) to convert certain claims contained in the petition into an action for a declaratory judgment and to sever said claims, (2) a more definite statement or bill of particulars as to certain claims, and (3) to require petitioners to separately state and number the causes of action contained in paragraph 12 of the petition. Order modified, on the law, by deleting the sixth decretal paragraph thereof and substituting therefor a provision that the causes of action contained in paragraph 12 of the petition shall be converted into an action for a declaratory judgment and severed from the CPLR article 78 proceeding. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Petitioners are granted leave to serve a complaint as to the severed causes of action within 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. The petition, in addition to alleging that the administrative determination was in error, contains a claim that the Freshwater Wetlands Act is unconstitutional as applied to petitioners. Such a claim should be asserted in a declaratory judgment action, not an article 78 proceeding *(Matter of Charles v Diamond,* 41 NY2d 318). Also included in the petition is an allegation that the actions of the commissioner constituted an unlawful taking. While an unlawful taking claim may be raised in a CPLR article 78 proceeding brought pursuant to the Freshwater Wetlands Act (ECL 24-0705, subds 6, 7), in the circumstances of this case it is more appropriately converted and severed along with the constitutionality claim. The two claims are closely related and rely, in part, on material not found in the administrative record. To the extent that it was appealed from, the order of Special Term was otherwise proper. Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.